PER CURIAM.
This dissolution case involves a marriage of relatively brief duration which was, however, preceded by a longer “relationship.” There are three matters which require reversal and remand. First, the wife hopes to complete her education in hotel management and “get on” with her life. The trial court’s rehabilitative alimony is for a brief period — two years — and for periodically decreasing amounts — neither of which is supported by the evidence. Second, the trial court did not have the benefit of Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), and accordingly did not consider the husband/pilot’s pension in accordance therewith. Third, paragraph 7 of the final judgment is ambiguous as to the extent of the husband’s obligation for the wife’s medical expenses. If read to terminate in the brief period identical to the period for rehabilitative alimony, which we now reverse, we find it equally unsupportable.
In sum, we reverse and remand with direction:
(a) to consider the husband’s pension rights in accordance with Diffenderfer;
(b) to extend rehabilitative alimony for such period and set such amount as may permit realistic rehabilitation, recognizing, as we do, the right of the trial court to convert — at a subsequent date — to permanent alimony if good faith efforts to achieve a meaningful economic level fail. See Hughes v. Hughes, 452 So.2d 1030 (Fla. 4th DCA 1984) and cases cited therein; and
*1211 (c) to clarify the husband’s obligations for the wife’s medical expenses.
HERSEY, C.J., and GLICKSTEIN and WALDEN, JJ., concur.